**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
INSTAR ENTERPRISES
INTERNATIONAL, INC.,

                Plaintiff,

       - against -

WAL-MART STORES, INC., et al.,
                Defendants.
-----------------------------------------------------------X

**ORDER**

CV 04-1912 (LDW) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

       By letter dated April 30, 2005, Docket Entry ("DE") 25, plaintiff Instar Enterprises International, Inc. ("Instar") requests that I reconsider my order of the same date, DE 24, which granted in part the application by defendant Mastercraft International U.S.A., Inc. ("Mastercraft") for an extension of time to serve its expert report and further directed Instar to provide certain sample decals for the expert to examine no later than May 4, 2005. In seeking reconsideration, Mastercraft correctly notes that I entered the order at issue without having heard its objection to the requested relief. I therefore grant the application for reconsideration. Having reconsidered the matter in light of Mastercraft's letter, I adhere to and reinstate my order of April 30, 2005, but add a further requirement that Mastercraft immediately identify its expert to Instar or waive its right to the other relief previously ordered.

       Following a conference on March 28, 2005, that included a lengthy discussion of Mastercraft's wish to have a particular expert examine and report on the analysis of certain decals, I set a schedule for the parties to exchange expert discovery. DE 22. Before doing so, I noted that plaintiff expressly declined "to seek to preclude the [plaintiff's] expert despite the untimeliness of his proposed report." *Id*. Mastercraft's expert report, which was due May 3,

2005, required the production in discovery of certain decals from Instar. However, Instar, having previously agreed informally to provide the decals, did not do so, and advised Mastercraft's counsel on April 22, 2005, that it "must decline to supply any decals on an informal basis." DE 23 Ex. B.

In seeking reconsideration, Instar cites several objections to Mastercraft's request for relief. First, Instar has concerns about whether the expert will fabricate a new defense theory if he conducts his analysis unobserved. That is neither a basis for refusing to provide the decals nor for objecting to the schedule change Mastercraft sought. If Instar wanted to be protected from the result it fears, it could have raised a timeliness objection on March 28, 2005, instead of waiving it; and it could later have sought a protective order. It did neither, but simply waited until pressed by Mastercraft to reveal its position. I will not deny Mastercraft's motion on that ground. Moreover, the concern Instar asserts can be met by a deposition of Mastercraft's expert, cross-examination if and when he testifies at trial, a rebuttal expert report, and if appropriate by a motion in limine to exclude expert opinion testimony pursuant to Federal Rule of Evidence 702. If, as Mastercraft fears, the expert fabricates results or an unsupported theory by virtue of being unobserved, his faulty methodology will either be exposed in a report that leads to the exclusion of his testimony, or in the recreation of his analysis under controlled conditions that will allow a different expert to rebut his conclusions.

Instar's second objection is that Mastercraft's counsel has not been cooperative. That objection is based on events prior to (and unrelated to) the expert discovery issue discussed at the last conference. It provides no basis for altering my previously ordered relief.

Finally, Instar objects that Mastercraft has not complied with outstanding discovery demands. That too is an insufficient objection. If the parties cannot resolve their differences on their own, Instar may seek appropriate relief in court, but neither it nor any other party may resort to self-help by refusing to comply with any independent discovery obligation.

To the extent that Mastercraft has not yet identified its expert, *see* DE 25 at 3, Instar has a legitimate complaint. Given the circumstances, there is no reason for Mastercraft to withhold the expert's identity, and I order that it provide the expert's name to Instar immediately or waive its right to the relief I ordered on April 30, 2005.

For the reasons set forth above, Instar's motion for reconsideration of my order of April 30, 2005, is GRANTED; upon reconsideration, Defendant's application is GRANTED to the extent that Mastercraft may serve its expert report no later than May 24, 2005. To ensure that the expert is in a position to perform his work, Instar is directed to supply the requested decals by May 4, 2005 (unless the parties agree to an alternate procedure that ensures the expert timely receives the decals in China). Instar need not provide the requested decals unless and until Mastercraft discloses the name of its expert. This ruling does not affect the plaintiff's obligation to serve an expert report by June 7, 2005, or any other deadline set forth in the order of March 28, 2005 (docket entry 22). There will be no further extensions absent extraordinary circumstances.

**SO ORDERED.**

Dated: Central Islip, New York
May 2, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge